UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN BROOKS,<br>  Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY, et al.,<br>  Defendants. | CV 20-302 DSF (KKx)<br><br>Order DENYING Plaintiff's Motion for Remand (Dkt. 10) |

  Defendant Ford Motor Company removed this case based on diversity jurisdiction.  Dkt. 1 (Notice).  Plaintiff Bryan Brooks moves for remand.  Dkt. 10 (Mot.).  Defendant opposes.  Dkt. 17 (Opp'n).  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for June 1, 2020 is removed from the Court's calendar.  For the reasons stated below, the motion is DENIED.

## I. BACKGROUND

  Plaintiff purchased a 2018 Ford Super Duty (the Vehicle) on August 1, 2018.  Dkt. 1-3 (Compl.) ¶¶ 5-6.  Plaintiff received "written warranties and other express and implied warranties" for the Vehicle.  Id. ¶ 8.  During the warranty period, Plaintiff delivered the Vehicle to Defendant's authorized service and repair facilities on at least four occasions based on issues with the check engine light and an oil warning sensor malfunction.  Id. ¶¶ 10-11.  Defendant's representatives at the service and repair facilities represented that they conformed the Vehicle to the applicable warranties; however, the defects "continue to exist even after a reasonable number of attempts to repair was given."  Id. ¶ 13.  Plaintiff filed the instant action alleging claims for breach of

the implied warranty of merchantability and of the express warranty under the Song-Beverly Consumer Warranty Act (the Song-Beverly Act).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. §§ 1332, 1441. "The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

## III. DISCUSSION

### A.   Timeliness

A notice of removal must be filed within 30 days of being served with the complaint. 28 U.S.C. § 1446(b). Plaintiff contends that Defendant removed this action a day late. Mot. at 2. Plaintiff waived his right to challenge the removal on this basis because his remand motion was made more than 30 days after the Notice was filed. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.").[1]

---

[1] Defendant also contends that due to a state court holiday on the thirtieth day, filing on the thirty-first day was timely. Opp'n at 4-5. The Court need not resolve whether a state court holiday permits a defendant seeking removal to federal court to have an extra day to file.

2

B.    Subject Matter Jurisdiction

Plaintiff does not contest that he is a California citizen and Defendant is a citizen of Delaware and Michigan, thus establishing complete diversity. However, Plaintiff contends that "Defendant fails to demonstrate that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence." Mot. at 2. The Court disagrees.

"[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402 (9th Cir. 1996)). However, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . [t]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" $75,000. Id. (quoting Sanchez, 102 F.3d at 404).

Here, the Complaint alleges that "[t]he amount in controversy exceeds" $25,000 "exclusive of interest and costs, . . . together with equitable relief" and also seeks "incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees." Compl. ¶ 14.[2] Because it is unclear on the face of the complaint whether the amount in controversy is met, Defendant must show that it is met by a preponderance of the evidence.

Defendant alleges that the Vehicle had a "suggested retail price of $54,745." Notice ¶ 13. Because Plaintiff seeks restitution of the purchase price plus a civil penalty of two times the amount of Plaintiff's

---

[2] As Plaintiff acknowledges, it is not entirely clear what this paragraph of the Complaint means. See Reply at 2-3. However, Defendant is certainly mistaken when it conflates the allegation that the "amount in controversy" exceeds $25,000 with an allegation that Plaintiff's actual damages exceed $25,000. Opp'n at 7 (quoting Compl. ¶ 14). The alleged "amount in controversy" does not set a floor on the restitution amount sought.

3

actual damages, Defendant contends that the amount in controversy is met, even before consideration of attorneys' fees. Id. ¶¶ 13-15. Plaintiff contends this is insufficient for a number of reasons.

### 1. Civil Penalties

Plaintiff contends that "while civil penalties are available for willful failure to comply with the Song-Beverly Act, Defendant has not offered any evidence to support such an award." Mot. at 3. It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act, given that most defendants, including Defendant here, will "den[y] that it willfully failed to comply with the Song-Beverly." Opp'n at 7. It is sufficient that Plaintiff alleged an intentional failure to comply and sought the civil penalty. See Compl. ¶ 32. The Court will consider civil penalties.

### 2. Attorneys' Fees

Plaintiff next contends that the Court should not consider attorneys' fees in the calculation. However, Plaintiff relies on a completely inapposite case addressing the internal amount in controversy requirement under the federal Magnuson-Moss Warranty Act, not the Song-Beverly Act. See Moreno v. Gen. Motors Co., No. 2:09-CV-00602 JWS, 2010 WL 276744, at *1 & n.9 (D. Ariz. Jan. 19, 2010). The Ninth Circuit has made clear that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." Guglielmino, 506 F.3d at 700.

Plaintiff then contends that "District Court[]s within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount-in-controversy, and some courts have declined to do so." Mot. at 3 (citing MIC Philberts Investments v. Am. Cas. Co. of Reading, Pa., No. 1:12-CV-0131 AWI-BAM, 2012 WL 2118239, at *5 (E.D. Cal. June 11, 2012)). However, that position has been rejected by the Ninth Circuit. Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met").

4

"The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience." Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002). Further, the Court may rely on its "expertise in evaluating litigation expenses" to determine if a defendant has satisfied its burden "to prove future attorneys' fees by a preponderance of the evidence." Fritsch, 899 F.3d at 796. Defendant submits a declaration from counsel stating that "the attorney's fees and costs sought and recovered by [Plaintiff's counsel] routinely exceed $25,000" and "[s]ince 2013, our office has represented Ford in at least 22 cases filed by [Plaintiff's counsel]" and "[t]he average amount of attorney's fees and costs sought and recovered by [Plaintiff's counsel] in those cases is $29,272 and have historically been up to $40,000 before trial." Dkt. 17-1 (Ornelas Decl.) ¶ 11.[3] The Court notes that Defendant's evidence of "attorneys' fees and costs" is inflated because costs are specifically excluded from amount-in-controversy calculations. See 28 U.S.C. § 1332(a) (amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs"). Nevertheless, based on the Court's experience, attorneys' fees generally make up a substantial portion of the awards for fees and costs. And because "the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover," Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019), not simply the amount plaintiff is most likely to recover, Defendant's declaration that Plaintiff's counsel's fees and costs "routinely" exceed $25,000 and have reached $40,000 in other cases against Defendant

---

[3] Plaintiff critiques the declaration noting that it does not "establish what kind of average this is or how it was calculated (mean, mode, or median)" or "expla[i]n[] . . . how [one] would categorize this case as one that will lead to an *average* amount of attorney's fees." Dkt. 18 (Reply) at 3. And, Plaintiff argues, Defendant provided "no legal authority supporting the use of an average amount of prospective attorney's fees in the amount in controversy for the purpose of establishing diversity jurisdiction." Id. However, estimates of fees incurred in similar cases is precisely what courts use to determine the amount of attorneys' fees properly considered as part of the amount in controversy.

satisfies Defendant's burden to show maximum potential attorneys' fees of $40,000 by a preponderance of the evidence.

### 3. Restitution of Purchase Price

Finally, Plaintiff contends that the suggested retail price is not indicative of how much Plaintiff actually paid for the vehicle and therefore is insufficient to establish the amount in controversy. Mot. at 2-3. In addition, "the value that [he] is eligible to recover is reduced to account for [his] use of the vehicle." Id. at 3 (citing Cal. Civ. Code § 1793.2(d)(2)(B)-(C)). In order to calculate the "amount directly attributable to use by the buyer," the "actual price" paid or payable by the buyer for the Vehicle is multiplied by "a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled . . . prior to the time the buyer first delivered the vehicle . . . for correction." Cal. Civ. Code § 1793.2(d)(2)(C). Plaintiff contends that if the Defendant does not provide any evidence of the numerator, it cannot meet its burden to establish the amount in controversy.[4] Plaintiff appears to assume that if Defendant cannot definitively establish the amount paid by Plaintiff minus the use offset, the case must be remanded. However, that is not the law. Defendant need only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. Sanchez, 102 F.3d at 404. The Court would have to draw some rather unlikely inferences to find that the amount in controversy would not be met.[5]

---

[4] It is not clear to the Court that Defendant has the burden to disprove any use offset at this stage. The Complaint does not concede some amount of use offset or otherwise disavow that Plaintiff is entitled to the entire purchase price, and Plaintiff will very likely argue that the use offset should be as small as possible. Importantly, as noted above, "the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover," Arias, 936 F.3d at 927, not simply the amount a plaintiff is likely to recover.

[5] For example, even if Plaintiff had purchased the Vehicle for half price or had driven 60,000 miles in the first year, the amount in controversy would still be met without even considering attorneys' fees. And those inferences become even more unlikely when attorneys' fees are properly taken into

6

Plaintiff cites to Tokmakova v. Volkswagen Grp. of Am., Inc., No. CV 12-04666 SJO (PJWx), 2012 WL 12952629 (C.D. Cal. Aug. 1, 2012) in which the district court found that the defendant had not sufficiently alleged the amount in controversy was met because "[t]he most reasonable inference to draw based upon the Complaint's allegations is that Plaintiff did obtain some benefit from the Vehicle" and "[a]ny deduction in the restitution value would necessarily affect the civil penalty, resulting in a proportionally lower total amount in controversy." Id. at *3. Because the calculated amount in controversy for actual damages plus a civil penalty was only $82,936.32, the court concluded that "the likelihood of even a slight reduction in Plaintiff's actual damages casts serious doubt on the propriety of removal." Id.[6]

---

account. With $40,000 in attorneys' fees, Plaintiff must have purchased the Vehicle for 80% off or driven almost 100,000 miles in the first year.

[6] Rather than cite and analyze additional cases in his brief, Plaintiff simply attached eight district court orders to the back of the brief as "Exhibit 1," four of which address the amount in controversy and four of which address citizenship of the parties, which is not at issue here. Given that Plaintiff used only eight of his twenty-five pages, Plaintiff's counsel's actions appear to be based on lack of effort, rather than worry about exceeding page limits, which is particularly clear given that much of the brief's content is lifted word-for-word from the cases attached to the back of the brief. Plaintiff's counsel appears to gravely misunderstand the Court's role. It is not the Court's role to independently research and develop answers to legal questions that the parties have not adequately addressed. See Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir. 2009) ("Courts need not "manufacture arguments for a[] [party], and a bare assertion does not preserve a claim."); Indep. Towers of Washington v. Washington, 350 F.3d 925, 929-30 (9th Cir. 2003) ("However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. . . . We require contentions to be accompanied by reasons."); Mahaffey v. Ramos, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived"); Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp., 419 F.3d 576, 581 (7th Cir. 2005) ("It is not our job to do the legal research that [the plaintiff] has omitted."); United States v. Dunkel, 927 F.2d

7

However, here Defendant's claimed amount in controversy based on actual damages and civil penalties alone is $164,235, double the amount in Tokmakova. Although it may be true that Plaintiff paid some amount less than the suggested retail price and that his damages will be further discounted by his use between August 1, 2018 and the first date he brought the vehicle in for repairs (an unknown date prior to December 10, 2019 when Plaintiff filed the Complaint), the Court finds it is more likely than not that even with those discounts, the amount in controversy would exceed $75,000.

**C.    Comity**

Finally, Plaintiff contends that "[a] court may also remand based on principles of comity or through the exercise of abstention." Mot. at 4 (citing Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005)). However, in Grable & Sons, the parties were not diverse and the question at issue was whether a state claim that raised a disputed issue of federal law warranted the exercise of federal question jurisdiction. 545 U.S. at 310. It says nothing about declining to hear cases where diversity jurisdiction is satisfied. And there is nothing in the diversity jurisdiction statute that would imply otherwise. See BNSF Ry. Co. v. O'Dea, 572 F.3d 785, 793 n.2 (9th Cir. 2009) (Fisher, J., concurring) (Because "the diversity statute, unlike the supplemental jurisdiction statute, does not afford district courts the discretion to decline jurisdiction over state law claims . . . District courts sitting in diversity . . . lack the option of refusing state law claims out of consideration for 'judicial economy, convenience, fairness, and comity.'" (quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156 (1997))).

Moreover, Plaintiff's argument that state law claims are necessarily more appropriately heard in state court, Mot. at 5, would eviscerate diversity jurisdiction, which necessarily presumes only state law claims are at issue. Plaintiff's related argument that his two Song-

---

955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs").

Beverly claims "require[] consideration of state-specific issues on sensitive, uniquely state[]law issues of regulation and statutory interpretation," and it is the state court's duty to "refine" the Song-Beverly Act, id. at 6, is similarly misplaced. Song-Beverly claims have been extensively litigated in state and federal courts and federal courts are equally capable of applying state law. Plaintiff cites no authority holding otherwise. To the contrary, Defendant cites cases that have explicitly rejected this argument. See Opp'n at 9 (citing Lee v. FCA US, LLC, No. CV 16-5190 PSG (MRWx), 2016 WL 11516754, at *4 (C.D. Cal. Nov. 7, 2016) ("[T]he Song-Beverly Act is a relatively well-defined and limited claim under California law that requires the federal court to perform only simple mathematical calculations") and Gonzalez v. FCA US LLC, No. EDCV 19-967 PSG (RAOx), 2020 WL 1444941, at *3 (C.D. Cal. Mar. 24, 2020)). Finally, Plaintiff notes that because nearly all vehicles cost more than $25,000, most cases alleging a willful violation will meet the amount in controversy and permit removal which "deprives California consumers from having the[ir] Song-Beverly claims decided by California Courts." Id. at 7. However, Plaintiff again cites no authority holding that such considerations are relevant in any way, and these arguments have also been rejected by other district courts. See, e.g., Gonzalez, 2020 WL 1444941, at *3. This is really a critique of the amount in controversy requirement – which is more appropriately directed to Congress.

Finally, the Court also notes that because Plaintiff filed this Motion more than 30 days after the Notice was filed, and because arguments about comity are "on the basis of any defect other than lack of subject matter jurisdiction," U.S.C. § 1447(c), Plaintiff's challenge on this basis is untimely.

## IV. CONCLUSION

The motion to remand is DENIED.

IT IS SO ORDERED.

Date: May 26, 2020

Dale S. Fischer
United States District Judge